IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Jennifer Maddox <br> 11 Farmington Court <br> Woodlawn, Maryland 21244 <br> Plaintiff <br><br> vs. <br><br> National Action Financial Services, Inc. <br> 3587 Parkway Lane <br> Norcross, GA 30341 <br> Defendant <br><br> Serve Resident Agent: <br> Corporation Trust Inc. <br> 300 E. Lombard Street <br> Baltimore, MD 21202 | CIVIL ACTION <br> FILE NO. |

## COMPLAINT

Plaintiff, Jennifer Maddox, by and through her counsel, Sonya A. Smith-Valentine, Esq. and Valentine Legal Group, LLC, brings this action against Defendant National Action Financial Services, Inc. on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1. This is an action for damages by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), for violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §14-201, *et seq.* (hereinafter "Maryland Debt Act"); for violations of the Maryland Consumer Protection Act, Md. Code Ann, Com. Law §13-101 *et seq.*; and for the invasions of Plaintiff's personal privacy by Defendant in its efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Jennifer Maddox, is a natural person over the age of eighteen residing in Woodlawn, Maryland and is a "consumer" as that term is defined by the FDCPA and is a "person" as that term is defined by the Maryland Debt Act and the Maryland Consumer Protection Act.

4. Defendant is a foreign corporation engaged in the business of collecting debts in this state with its principal place of business located at 3587 Parkway Lane, Norcross, GA 30341. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA and is a "collector" as that term is defined by the Maryland Debt Act.

### IV. FACTUAL ALLEGATIONS

6. Defendant has engaged in a campaign of debt collection abuse aimed at the Plaintiff.

7. Plaintiff incurred a debt which was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA and is a "consumer transaction" as that term is defined by the Maryland Debt Act, namely, a credit card account with Capital One.

8. Sometime after Plaintiff incurred the debt, the debt was consigned, placed, transferred or otherwise obtained by Defendant for collection from Plaintiff.

9. Beginning in January 2005, Defendant contacted the Plaintiff by telephone in a harassing manner in an attempt to collect the alleged debt due to Capital One.

10. In January 2005 and/or February 2005, Defendant contacted Plaintiff's parents by telephone in a harassing manner in an attempt to collect the alleged debt. Defendant began discussing Plaintiff's debt with Plaintiff's parents although Plaintiff's parents did not have legitimate business need for the information. Defendant was informed by Plaintiff's parents that they were not allowed to talk to Defendant regarding Plaintiff's debt.

11. On or about February 7, 2005, Defendant contacted Plaintiff by telephone in a harassing manner and threatened action that was never intended to be taken in an attempt to collect the alleged debt.

12. On or about March 7, 2005, Defendant again contacted Plaintiff's parents by telephone in a harassing manner in an attempt to collect the alleged debt. Once again, Defendant began discussing Plaintiff's debt with Plaintiff's parents although previously informed not to do so and with the knowledge that Plaintiff's parents did not have a legitimate business need for the information.

13. On or about March 8, 2005, Plaintiff received a telephone call at her place of employment from Defendant. Defendant made harassing remarks to Plaintiff.

14. On or about March 8, 2005, Defendant again telephoned Plaintiff's place of employment and spoke with Plaintiff's co-worker. Plaintiff's co-worker informed Defendant that Plaintiff could not receive Defendant's calls at work.

15. Defendant immediately called back to Plaintiff's place of employment and spoke to Plaintiff's co-worker again requesting the facsimile number to fax verification for a wage garnishment although Defendant had not yet obtained a final judgment against Plaintiff and had not even sued Plaintiff on the alleged debt.

16. Defendant telephoned Plaintiff's place of employment for a third time on March 8, 2005 and once again spoke to Plaintiff's co-worker.

17. On March 8, 2005, Defendant then telephoned Plaintiff's parents in a harassing manner. Defendant again began discussing Plaintiff's debt with Plaintiff's parents although previously informed not to do so and with the knowledge that Plaintiff's parents did not have a legitimate business need for the information. Defendant threatened to take certain actions against Plaintiff if Plaintiff did not pay the alleged debt.

18. As a result of the acts and omissions of the Defendants, Plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, sleeplessness and humiliation.

## V. CLAIMS FOR RELIEF

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations the FDCPA, including, but not limited to, 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e.

21. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k, statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k from Defendant.

### COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

22. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations the Maryland Consumer Debt Collection Act, Md. Code Ann. Com. Law. §14-202.

24. As a result of Defendant's violations of the Maryland Consumer Debt Collection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §14-203 from Defendant.

### COUNT III.

### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

25. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

26. The foregoing acts and omissions of Defendant constitute a violation the Maryland Consumer Protection Act, Md. Code Ann. Com. Law. §13-301 as a violation of the Maryland Consumer Debt Collection Act is also a violation of the Maryland Consumer Protection Act as an unfair and deceptive trade practice.

27. As a result of Defendant's violation of the Maryland Consumer Protection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §13-408 from Defendant and reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law. §13-408 from Defendant.

### COUNT IV.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

29. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

30. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

31. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33. As a result of such invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual Damages;

    B    Statutory damages;

    C. Punitive damages;

    D. Costs and reasonable attorney's fees; and

    E. For such other and further relief as may be just and proper.

Respectfully submitted,
**Valentine Legal Group, LLC**

By: _Sonya A Smith-Valentine_
Sonya A. Smith-Valentine, Esquire
Bar No. 27079
7319 Hanover Parkway
Suite C
Greenbelt, MD 20770
Tel: 301-513-9500
Fax: 301-513-9565
Attorney for Plaintiff

Dated: _March 30, 2005_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Jennifer Maddox<br>11 Farmington Court<br>Woodlawn, Maryland 21244<br>Plaintiff<br><br>vs.<br><br>National Action Financial Services, Inc.<br>3587 Parkway Lane<br>Norcross, GA 30341<br>Defendant | )<br>)<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MARYLAND  )
                   ) ss.
COUNTY OF PRINCE GEORGES )

Jennifer Maddox, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Jennifer Maddox_
Jennifer Maddox

Subscribed and sworn to before me
this 30th day of March, 2005.

_Sonya A Smith_
Notary Public
My commission expires on: 10/23/05

7